UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON
CIVIL ACTION NO. 04-262-WOB

STEVEN E. BYRNE,                                    PLAINTIFF,

V.

THE BLACK & DECKER CORP., et al.,                  DEFENDANTS

MEMORANDUM ORDER

Defendant moved for summary judgment in this patent infringement case on November 10, 2005; plaintiff's response is due on December 19, 2005 and defendant's reply is due January 2, 2006.

In addition to defendant's dispositive motion, the plaintiff has filed two discovery motions.  First, plaintiff seeks to extend time in which to complete discovery.  In a separate motion, plaintiff has moved to compel defendants to produce supplemental responses to written discovery requests.

Defendants oppose any extension of discovery on grounds that because this suit involves the alleged infringement of patents issued in 1995, plaintiff has had ample time in which to develop his theory of infringement.  Defendants acknowledge that suit was not filed until December 2004, but note that plaintiff failed to take a single deposition in the ensuing

eleven months.  Alternatively, defendants seek a stay of any further discovery pending a ruling on defendants' motion for summary judgment.

Plaintiff's motion for extension explains that plaintiff "refrained" from taking depositions until such date as defendant might complete plaintiff's own deposition, which was begun in August 2005 and continued "in progress," but never rescheduled.  Plaintiff states that he has "several" fact witnesses to depose, and that other commitments prevent counsel from completing additional discovery in November, December or January.

Defendants' opposition to any extension is not without merit in light of plaintiff's relaxed approach to discovery; however, the record reflects that no trial date has been set in this case and no prior extensions have been sought. Defendants cannot claim any serious prejudice resulting from the proposed extension, particularly if discovery is stayed pending resolution of the motion to dismiss.

In addition to plaintiff's motion for an extension of time, plaintiff has moved to compel defendants to produce supplemental responses to written discovery requests. Defendants' response indicates that supplemental responses recently have been served. Plaintiff acknowledges in his reply

2

memorandum that most of the discovery dispute has been resolved through the supplemental production; however, plaintiff complains that two discrete issues have not been fully resolved.

Accordingly, **IT IS ORDERED THAT:**

1. Plaintiff's motion to extend time in which to complete discovery [DE #16] is **granted**. All discovery shall be commenced in time to be completed on or before **February 15, 2006**, with joint or separate status reports to be filed the same date;

2. Plaintiff shall make expert disclosures pursuant to Rule 26(a)(2) on or before **March 16, 2006**, with defendants to make corresponding disclosures on or before **April 16, 2006.** Any rebuttal experts shall be disclosed by either party on or before **April 30, 2006**;

3. Any dispositive motions shall be filed on or before **June 30, 2006**;

4. Plaintiff's motion to compel discovery [DE #17] is **granted in part as stated in paragraphs 5 and 6, but otherwise is denied as moot**;

5. Defendants shall not be permitted to rely on the good faith defense of the opinions of counsel absent disclosure of said opinion(s). Defendants shall not be permitted to change

their decision not to rely on any such opinion later than
**January 16, 2006;**

6.  Defendants shall be compelled to produce, **within
fifteen (15) days of this Order**, supplemental documents and
things pursuant to plaintiff's Document Request No. 40,
concerning the string trimmers ST 9000, NST 65000, and NST
2018.  If no additional information regarding these or the
remaining ten string trimmers exists, defendants shall
affirmatively state that fact in response to plaintiff's
request.


This 22nd day of December, 2005



Signed By:

_J. Gregory Wehrman_

United States Magistrate Judge